U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 1 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SOUTHWEST LOUISIANA HEALTHCARE SYSTEM, INC. AND SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION D/B/A LAKE CHARLES MEMORIAL HOSPITAL | : | DOCKET NO. 05-1299 |
| VS. | : | JUDGE TRIMBLE |
| MBIA INSURANCE CORP., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Motion to Reconsider, Vacate or Set Aside Memorandum Ruling and Judgment dated March 29, 2007"[1] (doc. #181) and a "Motion for Leave to File Second Supplemental Amended and Restated Complaint" (doc. #163) filed by Plaintiffs. The basis of Plaintiffs' motions is allegedly "newly" discovered evidence. Defendants, Cambio Health Solution, LLC, Argil-Tarpon Management, LLC, Randy Starkweather and Jim O'Keefe oppose both motions.

## PROCEDURAL HISTORY

The instant matter, originally filed on July 20, 2005, named as defendants, MBIA Insurance Corp., Connie Lee Insurance Co., Connie Lee Holdings, Inc., (collectively referred to as "MBIA") AMBAC Assurance Corporation, AMBAC Financial Group, Inc., (collectively referred to as "AMBAC"), Pricewaterhouse Coopers, LLP ("PwC"), Argil Tarpon Management, LLC ("Argil"), Randy Starkweather, Jim O'Keefe, Cambio Health solutions, LLC ("Cambio"), and Wellspring

---

[1] Docs. #161 and 162.

Partners Ltd ("WellSpring").  PwC was dismissed without prejudice pursuant to a Stipulation of Dismissal filed by Plaintiffs on December 8, 2005.[2]  AMBAC filed a counterclaim against Plaintiffs on December 16, 2005.[3]  On December 22, 2005, MBIA filed a motion for more definite statement and/or to dismiss complaint[4] which was joined by AMBAC on January 6, 2005.[5]  WellSpring was dismissed with prejudice on March 23, 2006[6] pursuant to a motion filed by Plaintiffs.

On May 4, 2006, the Court ruled on AMBAC and MBIA's motion and  dismissed Plaintiffs claims of insider trading and violations of securities' law, however, the Court denied the motion to dismiss claims of fraudulent inducement and conspiracy to commit fraud, and allowed Plaintiffs to file an amended complaint to allege with particularity their claims of fraud and conspiracy to commit fraud.[7]  On May 18, 2006, Plaintiffs filed their amended complaint. Shortly thereafter, MBIA and AMBAC filed their second motion to dismiss Plaintiffs' claims of fraud, conspiracy, punitive damages and duress against these defendants.[8]  On August 31, 2006, the Court granted MBIA and AMBAC's motion and dismissed with prejudice Plaintiffs' claims of conspiracy, fraud, duress and punitive damage claims under Texas, Tennessee and New York law.[9]

---

[2] Doc. #36.  Plaintiffs' stated purpose for the dismissal of PwC was to cure any jurisdictional defects which may have existed at the time of filing. ¶ II.

[3] Doc. #42.

[4] Doc. #44.

[5] Doc. #49.

[6] Doc. #105.

[7] Doc. #115.

[8] Docs. #117 and 118.

[9] Docs. #132 and 133.

On February 2, 2007, Cambio, and Argil, Starkweather and O'Keefe, by joinder, filed a motion to dismiss Plaintiffs' claims of conspiracy, fraud, commercial bribery, punitive damages and duress.[10]

On March 28, 2007, pursuant to a joint motion for voluntary dismissal, MBIA and AMBAC were dismissed from the suit with prejudice.[11]  On March 29, 2007 this Court granted defendants, Cambio, Argil, Starkweather and O'Keefe's motion and dismissed Plaintiffs' claims of conspiracy, fraud, punitive damages, commercial bribery and duress.[12]  On April 17, 2007 Plaintiffs filed a Motion for Leave to File a Second Supplemental Amended and Restated Complaint.[13]  The effect of granting the motion would be to resurrect recently dismissed claims of Plaintiffs against defendants, Cambio, Argil, Starkweather and O'Keefe – resulting in the Judgment of March 29, 2007 having to be vacated and/or amended.  Pursuant to a request for oral argument, the Court held a hearing on the motion for leave on June 13, 2007.  After hearing the arguments of the parties, Plaintiffs were ordered to file a motion to reconsider, vacate or set aside the Memorandum Ruling and Judgment of March 29, 2007. The motion for leave to file the second amended complaint was stayed pending the resolution of the motion to reconsider, vacate or set aside.

## LAW AND ANALYSIS

*Motion to Reconsider, Vacate or Set Aside March 29, 2007 Judgment*

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

---

[10]  Docs. #146, 149 and 157.

[11]  Doc. #160.

[12]  Doc. #161.

[13]  Doc. #163.

"[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representation from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . ."

Plaintiffs maintain that the additional production of evidence on July 30, 2007 by Cambio "may likely contain further factual evidence supporting the claims dismissed on March 29, 2007, and provides a further basis for the Court to vacate its previous Judgment."[14]   The Court has asked the Plaintiffs to point out the additional "new evidence" that would support vacating the prior Judgment which could potentially result in the Court granting Plaintiffs' motion for leave to file a second amending and supplemental complaint.

*Commercial bribery*

Plaintiffs refer the Court to paragraphs 65, 67, 68, 71, 72, 73 and 74 to support their claim of newly discovered evidence of commercial bribery against defendants, Argil, and O'Keefe. Plaintiffs maintain that the facts alleged in paragraphs 67, 68 and 74 of the proposed second amended complaint were not known to Plaintiffs until document production occurred which allegedly was after the Supplemental and Amended Complaint was filed. These paragraphs refer to an alleged attempt by Jim O'Keefe to bribe Elton Williams with protection for management in return for a strategic disposition of the Hospital.  The relevant paragraphs referred to by Plaintiffs do not allege any new factual allegations.  In fact, in this Court's Memorandum Ruling dated March

---

[14]  Plaintiffs' memorandum, p. 4.

4

29, 2007,[15] the Court considered these exact facts[16] and concluded that the conduct Plaintiffs complained about were suggestions or proposals and such allegations failed to state a claim of commercial bribery against Argil and O'Keefe.

*Duress*

Plaintiffs refer the Court to paragraphs 24, 37, 39 and 119 of their proposed second amended complaint to allege new evidence to support their claim of duress.  These are the same allegations that were previously made in Plaintiffs' original and amended complaint and ruled upon by the Court in its Memorandum Ruling dated March 29, 2007.[17]  These alleged factual allegations are not new and Plaintiffs do not refer to the Court any new evidence to support the allegations of duress.

*Fraud and conspiracy*

Plaintiffs refer the Court to the allegations made in paragraphs 3(e), 30, 44, 45, 47, 73, 96(i), 96(ee), 100(a), 100(k), 109 and 110 of their proposed second supplemental amended and restated complaint and assert that this information was first revealed in the deposition of Mr. O'Keefe in March 2007, and the documents produced at that time. Defendants assert that the only new evidence submitted by Plaintiffs to support these allegations are (a) the excerpts from Jim O'Keefe's deposition transcript,[18] (b) two D.B. Zwirn & Co., L.P. documents,[19] and (c) a private investigator's

---

[15] Doc. #161.

[16] These facts were asserted by Plaintiffs in their opposition to the motion to dismiss, p. 4 of doc. #151.

[17] Doc. #161, p. 9.

[18] Exhibits C and D to Plaintiffs' motion to vacate.

[19] Exhibits M and N to Plaintiffs' motion to vacate.

report.[20]  The Court has carefully reviewed all of the alleged "new evidence" submitted by Plaintiffs in support of their motion to vacate or set aside the March 29, 2007 Memorandum Ruling and Judgment.  While some of it may be new, the evidence is cumulative and sheds no new light on the facts alleging conspiracy and/or conspiracy to defraud.  Therefore, any attempt by Plaintiffs to amend their complaint to revive their claims of conspiracy and/or conspiracy to defraud would be futile.

*Choice of law determinations*

Plaintiffs point to paragraphs 25, 27, 30, 44-60, 66-68, 73-74, 79, 81, 90-91, 93, 96, 100 and 107 in the proposed second supplemental amended and restated complaint to support their claim that the Court should apply Tennessee, Texas or New York law to their punitive damages claims.  In the Court's Memorandum Ruling dated March 29, 2007 and based on the allegations in the complaint as amended, the Court ruled that because all of the injurious conduct and injuries occurred in Louisiana, Plaintiffs' fraud-based treble damages and punitive damages pursuant to Tennessee law were dismissed.

Cambio is a limited partnership organized under the law of the State of Tennessee with its principal place of business within the State of Tennessee.  Both Randy Starkweather and Jim O'Keefe are natural persons that reside and are domiciled in Tennessee.  Argil is a limited liability company organized under the laws of the State of Tennessee with its principal place of business in the State of Tennessee.  Cambio argues that Plaintiffs have failed to cite any state statute that authorizes claims of punitive damages other than Tennessee Code Ann. § 47-50-109.  Cambio argues that this statute does authorize the assessment of treble damages, but only against a third party

---

[20]  Exhibit EE to Plaintiffs' motion to vacate.

inducing a breach of contract. In *Cambio Health Solutions, LLC, et al v. Thomas Reardon,*[21] the Tennessee Supreme Court held that Tennessee Code Ann. § 47-501-90 does not authorize the award of treble damages against a party to a contract. Thus, Cambio cannot be liable for punitive damages for an alleged breach of the contract it had with Plaintiffs. Accordingly, amending the complaint again to assert punitive damages against Cambio pursuant to this statute would be futile.

As for Argil, because the claims of fraud, conspiracy to defraud, commercial bribery and duress have been dismissed, any claims for punitive or treble damages for these claims are not viable. Hence, there is no justification for vacating the Court's prior judgment as to punitive damages for Plaintiffs' claims of fraud, conspiracy to defraud, commercial bribery and duress.

In their proposed second amended complaint, Plaintiffs allege that Argil, O'Keefe and Starkweather interfered with Cambio's contractual performance and breached a general duty to refrain from encouraging discussions, plans or rumors of a merger or sale in order to increase the value of the Series 2000 Bonds which could be sold at a profit.[22] Plaintiffs seek punitive damages under Louisiana Civil Code article 3546 because every Defendant acted intentionally, willfully, maliciously, fraudulently, egregiously and in bad faith.[23] Plaintiffs allege that most of the tortious conduct occurred either in New York, Tennessee or Texas.[24] Plaintiffs concede that the injuries occurred in Louisiana. Plaintiffs have failed to allege which Texas or New York law would authorize punitive damages. In the Court's Memorandum Ruling dated 3/29/2007, we applied Louisiana Civil

---

[21]   213 S.W.3d 785, 789 (Tenn. 2006).

[22]   Proposed Amended Complaint, pp. 40-41, ¶ 110.

[23]   *Id.,* ¶ 111.

[24]   *Id.*

7

Code article 3546. However, interference with performance of a contract had not been alleged against Argil, O'Keefe or Starkweather when the Court considered the application of punitive damages. As noted by Cambio in its opposition to the motion to vacate, Article 3546 does not apply because of the Revision Comments which are as follows:

> (a) Scope. . . . Article 3546 does not apply to claims for punitive damages arising from other sources, such as contract or quasi-contracts.

Accordingly, the Court concludes that the motion to reconsider, vacate or set aside the Judgment of March 29, 2007 is without merit for the reasons set forth above.

*Motion to file second amended and restated complaint*

Plaintiffs seek to supplement, amend and restate their allegations because of alleged additional facts which have come to light over the course of discovery. Plaintiffs maintain that this will not prejudice Defendants, nor will it cause undue or unfair delay. Plaintiffs argue that the March 29, 2007 Judgment is not a "final judgment" under Federal Rule of Civil Procedure 54(b). The Court disagrees. The Judgment dismissed Plaintiffs claims of conspiracy, fraud, punitive damages and duress against both Cambio and Argil, Starkweather and O'Keefe, and an additional claim of commercial bribery against Argil and O'Keefe, with prejudice. The judgment as to those claims are final. Rule 54 allows the Court to enter a "final judgment as to one or more but fewer than all of the claims or parties."

In their proposed second supplemental amended and restated complaint, Plaintiffs seek to add a new defendant as follows:

> **D.B. Zwirn & Co., L.P.,** individually and/or in the capacity of an agent and/or principal of one or more of its joint venturers, partners, agents, affiliates and/or funds, including, but not limited to, Defendant Argil, DBZ GP LLC, Zwirn Holdings LLC, Highbridge/Zwirn Special Opportunities Fund L.P.,

8

Highbridge/Zwirn Capital Management LLC, and/or Drawbridge Special Opportunities Fund, L.P. ("Zwirn"). Upon information and belief, D.B. Zwirn & Co. LP, Highbridge/Zwirn Special Opportunities Fund L.P. are limited partnerships organized under the law of the State of Delaware with their principal places of business in the State of New York; Highbridge/Zwirn Capital Management LLC, Zwirn Holdings, LLC and DBZ GP LLC are limited liability companies organized under the law of the State of Delaware with their principal places of business located in the State of New York.

Plaintiffs argue that they have only recently discovered (March 2007) this defendant as the true owner of the 2000 Series Bonds. Defendants assert that Plaintiffs were informed on September 15, 2005 in Argil's answer to the original complaint that Argil did not own the bonds. Plaintiffs served discovery (supplemental interrogatories) that addressed ownership of the bonds in October 2006.[25] In their November 20, 2006 response to the interrogatory Argil again informed Plaintiffs that they were not the owner of the 2000 Series Bonds.[26] On November 28, 2006, Plaintiffs again served Argil with supplemental interrogatories which was answered on January 3, 2007.  Argil then identified the owner of the 2000 Series Bonds as Highbridge/Zwirn Special Opportunities Fund, L.P. (By: Highbridge/Zwirn Capital Management, LLC) and Drawbridge Special Opportunities Fund, L.P. (Collectively referred to as "Zwirn"). Hence, Plaintiffs have known since January 3, 2007, the identity of the owners of the bonds.

Argil further complains that even though Plaintiffs are aware of the identity of the owners of the bonds, Plaintiffs have still failed to correctly name in their proposed second amended complaint the true owner of the bonds, instead adding as a defendant, D.B. Zwirn & Co. L.P. While the Court agrees that Plaintiffs were remiss in the delayed addition of this new defendant, Defendants

---

[25] Exhibit B-1 to Argil's opposition to the motion for leave to file the  proposed second amended and restated complaint.

[26] *Id.*

have failed to show how they would be prejudiced by allowing Plaintiffs to file an amended complaint that would name this additional defendant. However, the Court is concerned with the incorrect naming of the owners of the 2000 Series Bonds. Accordingly, the Court will allow Plaintiffs to file an amended and supplemental complaint and correctly name the proper Defendant as the owner of the 2000 Series Bonds.

Plaintiffs allege that the Defendants (Plaintiffs do not specify which defendants; the Court will assume the claims are being made against all Defendants) are liable jointly, severally and *in solido* for breach of contract, intentional interference with contract, conspiracy, fraud-in-the-inducement, fraud, rescission, misappropriation of trade secrets, breach of the duty of good faith and fair dealing, commercial bribery, abuse of right, and violations of Tenn. Code Ann. § 47-50-109 under the law of the State of New York, Texas and/or Louisiana.[27]

In their proposed second supplemental amended and restated complaint, Plaintiffs allege claims of (1) breach of contract, and (2) breach of duties of independence, loyalty and confidentiality to the Hospital against Cambio.[28] Plaintiffs allege against Argil, Starkweather and O'Keefe and Zwirn, claims of interference with Cambio's contractual performance, breach of duty of implied good faith obligations as a party to and/or third-party beneficiary of the Bond Documents, and breach of a general duty to refrain from encouraging discussions, plans, or rumors, . . . of a merger or sale.[29]

The Court rejects and denies Plaintiffs' motion for leave to file a second amended and restated complaint to the extent that the amended complaint would revive or resurrect any claims

---

[27]   Proposed second amended and restated complaint, p.41, ¶ ¶ 109 and 110.

[28]   *Id.*, p. 40 ¶ 109.

[29]   *Id.*

dismissed in the March 29, 2007 Judgment.  Moreover, the Court will not allow Plaintiffs to amend

their complaint to allege claims of conspiracy, fraud based claims, duress, commercial bribery and

punitive damages for fraud based claims.  However, the Court will allow Plaintiffs to amend their

complaint to allege breach of contract claims and breach of duty claims against Cambio, and

intentional interference of performance of contract claims and breach of duty claims against Argil.

      The Court is concerned with Plaintiffs' claims of abuse of right, rescission of a contract that

has already been performed and punitive damages under Tenn. Code Ann. § 47-50-109.[30]  The Court

is also concerned with Plaintiffs' claim of misappropriation to trade secrets because of the lack of

factual allegations in the complaints as amended or as Plaintiffs propose to amend.  As argued by

Defendants, the "confidential information" from Plaintiffs' FY 2002 and 2003 audits relating to

Plaintiffs' debt covenants and the properly reported related ratios is public knowledge  pursuant to

17 CFR 240.15c2-12 (§ Rule 15c.2-12) and available for a small fee.  Accordingly, the Court will

allow Plaintiffs to respond to our concerns by filing a Memorandum that specifically addresses the

factual allegations that support these claims, the legal basis for doing so, what contract Plaintiffs seek

to rescind, and exactly which defendant(s) Plaintiffs are attempting to allege these claims against.


## CONCLUSION

      Based on the foregoing, the Motion to Reconsider, Vacate or Set Aside will be denied. The

Motion for Leave to File Second Supplemental Amended and Restated Complaint will be denied in

part and granted in part.  The motion will be denied to the extent that the Court will not allow

---

[30]  The Court is particularly concerned with the legal basis for a blanket claim of "abuse
of right", and expects Plaintiffs to address this claim in detail.

11

Plaintiffs to assert or allege any claims that were dismissed with prejudice in this Court's March 29, 2007 Judgment (doc. #162). The motion will be granted to the extent that Plaintiffs will be permitted to name the true owners of the 2000 Series Bonds; Plaintiffs are cautioned however that the Court will not allow any further amendments to allege any other new defendants as owners of the 2000 Series Bonds. The Court will also allow Plaintiffs to file an amended complaint to allege breach of contract claims and breach of duty claims against Cambio, and intentional interference of performance of contract claims and breach of duty claims against Argil, Starkweather and O'Keefe; otherwise, the motion for leave to amend is denied at this time. Plaintiffs will be allowed to respond by memorandum to the Court's concerns as to the claims of abuse of right, rescission of a contract, punitive damages under Tenn. Code Ann. § 47-50-109, and misappropriation of trade secrets. The memorandum shall be filed no later than 15 days from the date of this Memorandum Ruling and corresponding Judgment and Defendants will be allowed 15 days from service of the memorandum to respond. After the Court considers Plaintiffs' claims of abuse of right, rescission of a contract, punitive damages under Tenn. Code Ann. § 47-50-109, and misappropriation of trade secrets, Plaintiffs shall file the proposed amending complaint.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9ᵗʰ day of October, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE